USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 5, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CHRISTIAN URENA,                              :
                                              :
                Petitioner,   :   11 Civ. 1595 (PAC) (DF)
                                              :
    - against -                            :   ORDER
                                              :
WILLIAM A. LEE, Superintendent,               :
                                              :
                Respondent.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

      Christian Urena ("Petitioner"), pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his April 26, 2001 conviction and sentence in New York State Supreme Court, Bronx County, for Murder in the Second Degree, Attempted Murder in the Second Degree, and Assault in the First Degree.  Urena was sentenced to thirty-five and a half years to life imprisonment, and is currently incarcerated at the Green Haven Correctional Facility in Stormville, New York.

      Respondent William A. Lee, the Superintendent of Green Haven ("Respondent"), moves to dismiss the habeas petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A).  On December 9, 2011, Magistrate Judge Debra Freeman issued a Report & Recommendation ("R&R"), recommending that the Court grant Respondent's motion to dismiss.

      After his state court conviction, Petitioner was indicted by a federal grand jury in the Southern District of New York.  On January 26, 2006, before Petitioner filed his direct appeal regarding his state court conviction, he was transferred to federal custody where he remained

1

until December 21, 2009.[1]  Petitioner was again transferred to federal custody from April 1, 2010 through September 3, 2010.

Petitioner's direct state court appeal was filed on July 6, 2006 and denied on December 21, 2006.  Leave to appeal was denied on February 20, 2007.  Petitioner claims that he did not learn that his state appeals were denied until much later because notices addressed to state prison were not forwarded to him while in federal custody.

Under the AEDPA, a petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final.  See 28 U.S.C. § 2244(d)(1).  The AEDPA statute of limitations may be statutorily tolled, under 28 U.S.C. § 2244(d)(2), during the pendency of post-conviction applications or collateral review; or equitably tolled where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland v. Florida, 130 S.Ct. 2549, 2560-62 (2010).  The party seeking equitable tolling must show diligent pursuit of his claim "throughout the period he seeks to toll."  Harper v. Ercole, 648 F.3d 132 (2d Cir. 2011).

Magistrate Judge Freeman found that Petitioner's habeas petition was untimely because it was filed on February 28, 2011, nearly four years after his conviction became final on May 21, 2007.  (R&R 7.)[2]  She further determined that neither statutory nor equitable tolling was warranted here.  (Id. 10.)  Petitioner did not qualify for statutory tolling because he did not seek state post-conviction or other collateral review, such as a Petition for Certiorari with the United States Supreme Court.  (Id. 7.)  Petitioner did not qualify for equitable tolling because he failed to show that (1) he was pursuing his rights diligently, and (2) there was some extraordinary

---

[1] On October 29, 2009, following a plea, Petitioner was sentenced to a federal prison term of 279 months.
[2] Petitioner's conviction became final 90 days after the New York Court of Appeals denied leave to appeal, which occurred on February 20, 2007.

circumstance that stood in his way and prevented timely filing.  (Id. 8-10.)  Magistrate Judge Freeman acknowledged Petitioner's assertion that his state mail was not received while in federal custody, but nonetheless found that he had not pursued his rights diligently during the time he seeks to toll.  Petitioner made no inquiry into the status of his case until February 26, 2010, nearly three years after leave to appeal to the New York Court of Appeals was denied.  Additionally, she found that being held in federal custody from 2006 through 2009 and for five months in 2010 did not excuse Petitioner's failure to diligently pursue his rights.  Magistrate Judge Freeman correctly held that time in federal custody does not constitute an extraordinary circumstance that would prevent timely filing.  See Montalvo v. Strack, No. 99 Civ. 5087 (JGK), 2000 WL 718439, at *2 (S.D.N.Y. June 5, 2000) (transfers between prison facilities did not merit equitable tolling).  Accordingly, Magistrate Judge Freeman recommended that the Court grant Respondent's motion to dismiss.

## DISCUSSION

### I. Standard of Review

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party makes a timely "specific written objection," the district court is obligated to review the contested issues *de novo*.  Greene v. WCI Holdings Corp., 956 F. Supp 509, 513 (S.D.N.Y. 1997).  The Court, however, may adopt those portions of the recommendation to which there is no "specific, written objection," as required under Fed. R. Civ. P. 72(b), as long as those sections are not clearly erroneous. Id.

**II. Objections**

Petitioner objected to Magistrate Judge Freeman's determination that equitable tolling does not apply, arguing that: (1) he mistakenly thought the pending federal criminal prosecution would toll his state habeas claim; (2) since he was facing the death penalty in the federal prosecution, his situation was "extraordinary"; (3) because he was in federal custody he had not received all of his mail addressed to him in state prison; (4) he was transferred between state and federal prisons; and (5) he did not receive notification from his attorney that leave to appeal had been denied until April 17, 2008, one month before the habeas limitations period expired.

Petitioner, however, still fails to show "that he ha[d] been pursuing his rights diligently" throughout the period he seeks to toll and, thus, does not qualify for equitable tolling. Holland, 130 S.Ct. at 2560-62. Petitioner attaches letters to his objections which show that his counsel notified him on February 22, 2007, June 13, 2007, and April 17, 2008 that the New York Court of Appeals had denied leave to appeal and that there were no further steps to be taken. (See Objections Exs. A, B.) Petitioner claims that he received the April 17, 2008 letter with "only one month left to file his habeas petition; and that he was in the middle of a federal criminal proceeding in which he faced the death penalty." (Objections 4.)

Petitioner, however, did not then take any steps to file a habeas petition. Rather, Petitioner waited approximately two years, until February 26, 2010, before writing to the District Attorney to inquire about the outcome of his case. He then waited another year, until February 28, 2011 to file this habeas petition. Petitioner's mistaken belief that his claims would be tolled throughout the pendency of his federal criminal prosecution does not excuse his failure to pursue his rights diligently during this time. Even if Petitioner's claim that he did not receive all of his mail, and was not notified that his state court conviction became final until April 2008 is

accepted as true, that is not evidence that shows Petitioner diligently pursued his claim after this point. Indeed, almost three years passed prior to the commencement of this action.

As Petitioner has not shown that he was pursuing his rights diligently throughout the period he seeks to toll, the Court need not consider whether facing the death penalty creates an extraordinary circumstance that would prevent his timely filing.[4] Since equitable tolling does not apply, the Court finds that Petitioner's habeas petition is time-barred.

## CONCLUSION

The Court adopts Magistrate Judge Freeman's R&R in its entirety and GRANTS Respondent's motion to dismiss. The Court also accepts Magistrate Judge Freeman's recommendation that Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and accordingly the Court declines to issue a certification of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A). The Clerk of the Court is directed to close this matter.

Dated: New York, New York
       September 5, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies to:   Mr. Christian Urena
                DIN # 01-A-2728
                Green Haven Correctional Facility
                P.O. Box 4000
                Stormville, NY 12582

---

[4] Petitioner's argument that his transfer between state and federal facilities creates an extraordinary circumstance is rejected. See Montalvo, 2000 WL 718439, at *2.

5